

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-460-CR

RICKY JOHN MARKS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Ricky John Marks appeals from a conviction for indecency with a child—exposure. A jury convicted him of the offense and assessed his punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice; the trial court sentenced him accordingly. Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion

---

[1] *See* Tex. R. App. P. 47.4.

meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Although Appellant was given an opportunity to file a pro se brief, he has not done so.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[3] Only then may we grant counsel's motion to withdraw.[4]

We have carefully reviewed counsel's brief and the record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support the appeal.[5] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[5] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

DELIVERED: February 26, 2009